**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **VINCENT HESTER**<br>110 N Crissey Rd.<br>Holland OH 43528<br><br>and,<br><br>**MARCUS BARNEY**<br>3530 Corduroy Rd<br>Oregon OH 43616<br><br>Plaintiffs for themselves, and all others similarly situated<br><br>v.<br><br>**BLACK & VEATCH CONSTRUCTION, INC. D/B/A BVCI**<br>c/o CT Corporation System, Statutory Agent<br>4400 Easton Commons Way, Ste. 125<br>Columbus OH 43219<br><br>Defendant. | ) | CASE NO.<br><br>JUDGE<br><br>**<u>COLLECTIVE AND CLASS ACTION COMPLAINT</u>**<br><br>*Jury Demand Endorsed Hereon* |

NOW COMES Plaintiffs Vincent Hester and Marcus Barney (referred to collectively herein as "Named Plaintiffs"), on behalf of themselves and all others similarly situated, and proffer this Complaint for damages against Defendant Black & Veatch Construction, Inc., D/B/A BVCI ("Defendants").

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201 et seq., hereinafter referred to as "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. Jurisdiction of the Court is based on the federal question jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction under the statutes of the State of Ohio as the claims are so related to the FLSA claims as to form part of the same case or controversy codified at 28 U.S.C. § 1367.

4. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgement Act ("DJA"), 28 U.S.C. §§ 2201-02.

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 as Defendant has conducted substantial business in the Western Division of the Northern District of Ohio and Named Plaintiffs performed their job duties in the jurisdiction of this Court.

## PARTIES

6. At all times relevant, Defendant Black & Veatch Construction, Inc., D/B/A BVCI, was a Missouri corporation registered as a foreign corporation and authorized to conduct business in the State of Ohio. Further, At all times relevant, Defendant was engaged in business in Putnam County, Ohio and was party to a collective bargaining agreement with the International Brotherhood of Electrical Workers Local Union No. 8 ("IBEW Local 8").

7. Defendant provides construction services for critical infrastructure projects, including a 150-megawatt solar facility located in Palmer and Liberty Townships, Putnam County, Ohio ("Project").

8. Defendant's principal business office is located at 11401 Lamar Ave., Overland Park, Kansas 662111. Defendant's registered address in the State of Ohio is 4400 Easton Commons Way, Ste. 125, Columbus, Ohio 43219.

9. At all times relevant, Plaintiff Vincent Hester was a resident of Lucas County, Ohio, a member of the IBEW Local 8, and referred to work for Defendant on the Project through the union's exclusive hiring hall.

10. At all times relevant, Plaintiff Marcus Barney was a resident of Lucas County, Ohio, a member of the IBEW Local 8, and referred to work for Defendant on the Project through the union's exclusive hiring hall.

11. Defendant is an "employer" of Named Plaintiffs for and on behalf of themselves and other employees similarly situated ("FLSA Collective" and "Ohio Class") within the meaning of the FLSA, 29 U.S.C. § 203(d), and O.R.C. §§ 4111.01, *et seq*.

12. At all times relevant, Defendant was a party to a collective bargaining agreement with IBEW Local 8, whose principal office is located in Wood County, Ohio.

13. Pursuant to the collective bargaining agreement, and in furtherance of Defendant's business purpose, Defendant agreed that IBEW Local 8 shall be the sole and exclusive source of referral of non-exempt hourly electricians for employment, including Named Plaintiffs and other members of the FLSA Collective and Ohio Class.

14. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

15. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

16. Defendant operates and controls an enterprise engaged in commerce, with annual gross revenue exceeding $500,000.00.

17. Defendant was an employer of Named Plaintiffs and other members of the FLSA Collective and Ohio Class as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

18. Plaintiff Hester was employed by Defendant commencing on or about January 8, 2025 as a Journeyman Electrician. Defendant classified and paid Plaintiff, as well as other members of the FLSA Collective and Ohio Class, as nonexempt hourly employees.

19. Plaintiff Barney was employed by Defendant commencing on or about December 16, 2024 as an apprentice Electrician. Defendant classified and paid Plaintiff, as well as other members of the FLSA Collective and Ohio Class, as nonexempt hourly employees.

20. At all times relevant, Named Plaintiffs and other members of the FLSA Collective and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq.*

21. At all times relevant, Named Plaintiffs and other members of the FLSA Collective and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

## STATEMENT OF FACTS
### Defendant's Failure to Pay Overtime Compensation Based on Employees' Regular Rate of Pay

22. The FLSA and Ohio law required Defendant to pay overtime compensation to its employees at the rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

23. Defendant unilaterally instituted a non-discretionary Attendance Incentive Plan ("Plan") crediting fifty dollars gross wages ("attendance bonus") to each eligible craft employee for every fully worked scheduled shift.

24. Named Plaintiffs and other members of the FLSA Collective and the Ohio Class were electricians hired by Defendant through IBEW Local 8's hiring hall.

25. Named Plaintiffs and other members of the FLSA Collective and the Ohio Class regularly worked more than forty (40) hours in a single workweek.

26. Named Plaintiffs and other members of the FLSA Collective and Ohio Class regularly earned non-discretionary attendance bonuses by working a minimum of one up to a maximum of seven regularly scheduled shifts throughout each workweek.

27. Defendant, during all times material hereto, failed to compensate Named Plaintiffs and other members of the FLSA Collective and the Ohio Class at a rate of one and one-half times Plaintiffs' regular rate for all hours worked in excess of forty (40) hours per week, as required by the FLSA and Ohio law.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

29. Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

30. Plaintiff brings this case on behalf of a FLSA collective group of employees of Defendant.

31. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations as to the FLSA Collective consist of:

> **All current and former hourly electrical employees of Defendant that worked on the Project from September 20, 2024 to the present who were (1) paid on an hourly basis, (2) worked more than 40 hours in a workweek, (3) earned non-discretionary attendance bonuses, and (4) were not paid the proper overtime compensation rate due to the employer's failure to include the attendance bonus in its calculation of the employees' regular rate of pay.**

32. There exists a strong likelihood that such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were nonexempt electrical employees of Defendant, all were subjected to and injured by Defendant's failure to pay the proper overtime compensation rate for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendant for improperly paid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

33. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt-in."

34. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the FLSA Collective consists of over 200 persons. Such persons are

readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> **All current and former hourly electrical employees of Defendant that worked on the Project from September 20, 2024 to the present who were (1) paid on an hourly basis, (2) worked more than 40 hours in a workweek, (3) earned non-discretionary attendance bonuses, and (4) were not paid the proper overtime compensation rate due to the employer's failure to include the attendance bonus in its calculation of the employees' regular rate of pay.**

37. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 200 persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a.

38. There are questions of law or fact common to the Ohio Class, including but not limited to: Whether Defendant's conduct as described above violates Ohio law governing payment of overtime compensation; Whether Defendant improperly calculated overtime compensation rate under Ohio law, where, among other things, employees were not paid overtime at the proper overtime rate for hours worked; and, What amount of monetary relief will compensate Plaintiff and other members of the Ohio Class for Defendant's violations of O.R.C. §§ 4111.03 and 4111.10.

39. Named Plaintiffs' claims are typical of the claims of other members of the Ohio Class. Plaintiffs' claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories as the claims of other class members.

40. Named Plaintiffs will fairly and adequately protect the interests of the Ohio Class. Plaintiffs' interests are not antagonistic to, but rather are in unison with, the interests of other class members. Named Plaintiffs counsel has experience in handling such litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

41. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations – 29 U.S.C. § 207)**

43. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

44. Plaintiffs bring this claim for violation of the FLSA's overtime provisions on behalf of themselves and members of the FLSA Collective who may join this case pursuant to 29 U.S.C. § 216(b).

45. Named Plaintiffs and other members of the FLSA Collective regularly worked in excess of forty (40) hours per week for which they were not compensated at the statutory rate of one and one-half times their *regular rate* of pay for all hours worked in excess of forty (40) hours per workweek.

46. Named Plaintiffs and other members of the Collective are entitled to be paid at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

47. The "regular rate" is required to include any earned non-discretionary daily attendance bonus.

48. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiffs at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

49. As a result of Defendant's violations of the FLSA, Named Plaintiffs and other members of the FLSA Collective were injured in that they did not receive accurate wages due pursuant to the FLSA. The FLSA entitles Named Plaintiffs and other members of the FLSA Collective to an award of unpaid overtime compensation and an additional equal amount as liquidated damages.

50. As a result of Defendant's violations of the FLSA, Named Plaintiffs and other members of the FLSA Collective shall, in addition to any judgment awarded to the plaintiffs, be entitled to reasonable attorneys' fees and costs to be paid by the defendant.

**COUNT TWO**
**(Ohio Overtime Violations – O.R.C. § 4111.03)**

51. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

52. Plaintiffs bring this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03, on behalf of themselves and other members of the Ohio Class.

53. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

54. Defendant's failure to compensate overtime hours worked at the proper rate violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

55. These violations of Ohio law injured Plaintiffs and other members of the Ohio Class in that they did not receive wages due pursuant to that statute.

56. Having injured Plaintiffs and other members of the Ohio Class, Defendant is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] and for costs and reasonable attorney's fees as may be allowed by the court" under Ohio law. O.R.C. § 4111.10.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs are entitled to and pray for the following relief:

A. Certification as a FLSA "collective action" pursuant to 29 U.S.C. § 216(b) as to the FLSA Collective, appointment of Named Plaintiffs and their counsel to represent the FLSA Class, and an order directing that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt-in;

B. Certification as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiffs and other members of the Ohio Class;

C. Judgment against Defendant, and in favor of Named Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D. An award of damages in favor of the Named Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class damages for the unpaid overtime wages, liquidated damages, pre-judgment and post-judgement interest, costs and expenses of the litigation, attorneys' fees, injunctive relief for Defendant to cease violations of the FLSA, and such other relief deemed appropriate by the Court and available under the FLSA and Ohio law in an amount greater than $75,000;

E. Such other legal and equitable relief as this Court deems appropriate.

Respectfully Submitted,

*/s/ Dawn T. Christen*
Dawn T. Christen (0074336)
Gregg A. Peppel (0071277)
TURLEY, PEPPEL, & CHRISTEN, LLC
2224 Centennial Road
Toledo, OH 43617
P: 419-214-0808
F: 419-214-0809
dchristen@turley-law.com
gpeppel@turley-law.com
*Attorneys for the Named Plaintiffs, proposed Collective and Class Action Plaintiffs*

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Dawn T. Christen*
Dawn T. Christen (0074336)